```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                         ASHEVILLE DIVISION
                         1:05CV378-MU-02
```

```
DAVID GREGORY CAMP,           )
     Plaintiff,               )
                              )
       v.                     )
                              )
(FNU)(LNU), also known as)
  "BULLDOG," Booking Of-      )
  ficer at the Buncombe       )
  County Detention Faci-      )
  lity;                       )
BOBBY MEDFORD, Sheriff of)
  Buncombe County;            )
(FNU) MATAYABAS, Captain      )
  at the Buncombe County      )
  Detention Facility;         )          O R D E R
(FNU) BANKS, Captain at       )
  the Buncombe County De-)
  tention Facility;           )
(FNU) HAMMOND, Lieutenant)
  at the Buncombe County      )
  Detention Facility; and)
(FNU) GOULD, Lieutenant       )
  at the Buncombe County      )
  Detention Facility,         )
     Defendants.              )
_____)
```

**THIS MATTER** comes before the Court on the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed December 20, 2005, setting forth a series of claims for review.

**ASSAULT/PHYSICAL ABUSE:**

By his first claim, the plaintiff alleges that on November 8, 2004, a "booking officer" whom the plaintiff knows only by the name of "Bulldog" directed him to pick up a piece of paper from

the floor. However, the plaintiff alleges that when he "refus-[ed] to comply with an act of involuntary servitude," "Bulldog" thrust his knee into the plaintiff's chest, cracking one or more of the plaintiff's ribs and causing him "severe pain," and then "Bulldog" threatened to break the plaintiff's neck if he did not pick up the paper.

The plaintiff further alleges that although another guard subsequently examined his chest and protruding ribs, that person opined that the plaintiff's ribs were not broken. In fact, the plaintiff alleges that he was never examined by a doctor, but merely underwent a "follow-up visit" with a nurse who did not obtain an x-ray or conduct any other diagnostic tests, and she did not make any "concrete diagnosis." Rather, the plaintiff reports that the nurse merely told him that even if he had suffered a broken rib, there was nothing that could be done about it.

Last with regard to this claim, the plaintiff alleges that he has had conversations with other unnamed officers who advised that "'Bulldog' has been notably problematic and abusive for quite some time"; and the plaintiff reports his belief that "Bulldog's" superior officers "possibly [may have] known of previous instances of violence" by that officer."

**DENIAL OF ACCESS TO LAW LIBRARY:**

As to this claim, the plaintiff alleges that he was denied

access to the Detention Facility's law library on three separate occasions.

**DOUBLE-CHARGING:**

With regard to his final allegation, the plaintiff seems to be complaining about the nature of his State criminal charges. More particularly, the plaintiff's Complaint reports that he has "been double charged with the current offenses he is housed in [Buncombe County Detention Facility] for" by virtue of his assertion that the two charges for which he is being detained "are repeated in the computer twice."

Based upon the foregoing, the Court clearly finds that the petitioner has stated a claim for relief as against defendant "Bulldog." Consequently, the Court will allow this action to proceed against that individual, and will assist the plaintiff in obtaining the correct name for such defendant.

On the other hand, to the extent that the plaintiff is seeking to press a claim against "Bulldog's" superiors on the ground that they "possibly [may have] known" of other acts of misconduct in which he might have engaged, clearly he cannot prevail. Indeed, to survive review for factual frivolousness, a plaintiff proceeding in forma pauperis cannot rely merely on "conclusory allegations." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). On the contrary, the plaintiff "must present more than naked allegations" to survive dismissal.

3

In the instant case, the plaintiff failed to allege facts which would be sufficient to support the imposition of supervisory liability upon the other named defendants. See Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir.), cert. denied, 513 U.S. 813 (1994) (noting among three requirements that plaintiff must allege and prove that supervisor had "actual or constructive knowledge" of subordinate's wrongful conduct). Therefore, those individuals will be dismissed from this action.

Likewise, with respect to the plaintiff's claim that he was denied access to the law library, the Court also finds such allegation insufficient. To be sure, although the plaintiff claims a denial of access, a review of the documents which the plaintiff attached to his Complaint tends to contradict this allegation.

That is, review of the subject documents reveals that in response to the plaintiff's first request "to see a copy of the Federal Rules Of Civil Procedure[] . . . especially Sec 42 U.S.C. §1983 Civil Rights And Habaes[sic] Corpus," the plaintiff was advised to request the subject materials from his attorney. The subject documents further reveal that the plaintiff's second request for the materials, which was made two days after the first request, resulted in his being given a copy of 42 U.S.C. § 1983, along with a request for "more specific" information about what he "want[ed] in regards to Habeas Corpus." Similarly, those

4

documents reveal that the plaintiff's third request resulted in his being given a form to complete and return so that the requested materials could be furnished to him. Consequently, based upon the foregoing information, it does not appear that the plaintiff's right to obtain legal materials actually was denied.

Concerning the plaintiff's allegation that he has been "double-charged," such claim also must fail. That is, to the extent that the plaintiff is attempting to challenge the propriety of his criminal charges, he may not raise such a claim in a civil rights action such as this. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

On the other hand, to the extent that the plaintiff is attempting to challenge the correctness of his jail records, he may not do so unless he has first made a request to authorities that the incorrect information be removed, and authorities must be given an opportunity to respond. <u>Paine v. Baker</u>, 595 F.2d 197, 202-03 (4th Cir. 1979). Here, the plaintiff has failed to allege that he has requested that the allegedly erroneous information be removed from his file; therefore, he has failed to demonstrate that he is entitled to proceed on this claim.

Finally, while the plaintiff may be entitled to money damages from defendant "Bulldog" in the event that he ultimately prevails on his claim against that individual, clearly he has failed to demonstrate an entitlement to any of the other relief

5

which has requested in his Complaint.  Thus, the plaintiff's requests for the U.S. Marshal to conduct unannounced inspections or other visits at the Buncombe County Detention Facility is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The plaintiff's Complaint is entirely **DISMISSED** as against defendants Medford, Matayabas, Banks, Hammond and Gould.

2. The plaintiff's claim of assault against the person identified as "Bulldog" will proceed.

3. Within twenty (20) days of the date of this Order, Sheriff Medford shall use due diligence to discover the true name of the person who has been identified as "Bulldog," and shall file a document with this Court setting forth the name of such person.  In the event that the Sheriff is unable to discover the true name of that person, the Sheriff shall file a certified document with this Court which reflects that failure.

4. Upon receipt of the document setting forth the true name of "Bulldog," the Clerk of Court shall prepare process for that individual and deliver it to the U.S. Marshal.  The U.S. Marshal shall then serve process on the sole remaining defendant, currently identified as "Bulldog."

5. The defendant who is currently identified as "Bulldog" shall respond to the plaintiff's claim of assault as that claim is set forth in the instant Complaint.  Such answer and/or

response shall in all respects comply with the Federal Rules of Civil Procedure.

    **SO ORDERED.**

**Signed: January 4, 2006**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge