# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CV378-MU-02

| | |
|---|---|
| **DAVID GREGORY CAMP,** )<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**RON WRIGHT, also known as** )<br>  **"BULLDOG," Booking Of-** )<br>  **ficer at the Buncombe** )<br>  **County Detention Faci-** )<br>  **lity,** )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on the plaintiff's two Motions to Amend Complaint (documents ## 4 and 6), filed January 11 and 13, 2006; on his "Motion For Judgement By Default" (document # 7), also filed April 13, 2006; and on the defendant's "Motion For Extension Of Time To File Answer" (document # 10), filed June 9, 2006.

The record of this matter reflects that on December 20, 2005, the plaintiff filed a civil rights Complaint under 42 U.S.C. §1983 against several employees of the Buncombe County Detention Center ("BCDC" hereafter), purporting to allege numerous violations of his federal constitutional rights. However, after this Court's initial review of that document, it was determined that only the plaintiff's allegation of assault/physical abuse against the individual whom he identified only as "Bulldog" could survive. Consequently, on January 4, 2006, this Court entered an

Order dismissing all of the plaintiff's allegations, except those against defendant "Bulldog." Furthermore, such Order directed officials at BCDC to make every reasonable effort to ascertain the true identity of defendant "Bulldog," and to provide that information to the Court so that defendant "Bulldog" could be served with process in this action.

To that end, on January 17, 2006, Lieutenant Anthony Gould of the BCDC filed an Affidavit with the Court, essentially informing that he had assisted the plaintiff in determining that Ron Wright is the person who had been referred to as "Bulldog." Accordingly, on May 17, 2006, a summons was issued for defendant Ron Wright, and on May 30, 2006, such summons was returned with a notation that it had been delivered to an employee at the defendant's place of work on May 19, 2006.

In the meantime, however, on January 11, 2006, the plaintiff filed his first Motion to Amend. By that Motion, the plaintiff seeks to add a claim that his due process rights were violated when employees of the BCDC failed to take him to the Buncombe County Courthouse for a previously scheduled Court appearance, thereby resulting in the Court's issuance of a "failure to appear" warrant for his arrest and in an increase in his bond. However, as is obvious from the foregoing, the plaintiff has failed to identify the person whom he believes was responsible for his having missed Court. Moreover, this allegation does not

appear to be related to defendant Wright. And, most significantly, the plaintiff has failed to assert that he grieved this situation, but did not prevail. Consequently, the plaintiff cannot proceed with this amendment because he has failed to show that his proposed claim can properly be made a part of this action.

Next, in the plaintiff's first Motion to Amend, he also seeks to revive his claim that he is being "double-charged" in that the charges against him appear to have been twice reported in his jail records. Specifically, the plaintiff now alleges that on December 17, 2005, he advised "Housing Officer Vernon" of his belief that his records contained duplicated charges, but was told not to worry about that matter; and that at some unspecified point he filed a grievance about that matter, but such grievance was not answered.

Again, however, the plaintiff has failed to provide adequate information to establish that this claim can, in fact, properly be made a part of this action. Indeed, based upon the limited information which the plaintiff has provided, it is just as possible that he filed his grievance the day before he sought this amendment--in which case the time in which a response would have been due would not have expired, as it is possible that the time during which his grievance was filed and ignored has long ago passed, thereby entitling the plaintiff to now proceed with this

matter. Nevertheless, because it is the plaintiff's responsibility to demonstrate his entitlement to proceed in federal Court, this Court will not hazard a guess in order to allow him to press this claim. Accordingly, the plaintiff's first Motion to Amend will be <u>denied</u> in its entirety.

As for the plaintiff's second Motion to Amend, he seems to be seeking permission to "assert the 'American[s] With Disabilities Act" (the ADA hereafter) in his Complaint. That is, in this second Motion, the plaintiff reports that in 2005, he was diagnosed as a "Paranoid Schizophrenic"; and that he believes that fact somehow is related to his surviving claim against defendant Wright. However, it is clear that such assertion must fail.

To say the least, the plaintiff has alleged a simple assault claim against defendant Wright. On the other hand, the ADA is aimed at addressing intentional discrimination against persons with disabilities. Thus, inasmuch as the plaintiff has failed to allege how the subject assault is related to the ADA, he cannot transform that claim into one under the subject antidiscrimination provision. Therefore, this Motion to Amend also must be <u>denied</u>.

Finally, as was previously noted, on June 9, 2006, the defendant filed a Motion for Extension, seeking additional time in which to respond to the plaintiff's Complaint. In support of

4

that Motion, the defendant reports that not all employees of the Buncombe County Sheriff's Department are "trained in the service of process"; that one such employee took receipt of the process which was issued for the defendant in this case on May 19, 2006; that the County Attorney was not made aware of that summons until June 9, 2006--that is, one day after the defendant's response otherwise was due; and that as a result of that delay, the County Attorney needs additional time in which to conduct an investigation before filing a response to this action.

Based upon the foregoing, therefore, and for good cause shown, the Court finds that the defendant's Motion for an Extension should be <u>granted</u>.  On the other hand, the plaintiff's Motion for Judgment by Default should be <u>denied</u>.

Indeed, at the outset of this discussion, the Court first notes that the plaintiff has not either sought or obtained an entry of default in this action.  Therefore, it goes without saying that the plaintiff cannot now obtain a Default Judgment.

Furthermore, the record of this case reflects that the plaintiff filed his Motion for Default Judgment on April 13, 2006, which date preceded the time that the defendant even was served with process in this matter.  Moreover, a close reading of the plaintiff's Motion reveals that he erroneously calculated the defendant's response time from the date on which the defendant's actual identity was ascertained, not from the date on which

5

service of process was made. Therefore, the plaintiff is mistaken as to his entitlement to an entry of default or to a default judgment.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the plaintiff's Motions to Amend (documents ## 4 and 6) are **DENIED;**

2. That the plaintiff's Motion for Judgement By Default (document # 7) is **DENIED;** and

3. That the defendant's Motion For Extension of Time To File Answer is **GRANTED nunc pro tunc.** The defendant shall have up to and including June 28, 2006 in which to respond to the plaintiff's Complaint.

**SO ORDERED.**

Signed: June 13, 2006

Graham C. Mullen
United States District Judge