```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       ASHEVILLE DIVISION
                        1:05CV378-MU-02
```

DAVID GREGORY CAMP,           )
    Plaintiff,              )
                               )
    v.                      )         **O R D E R**
                               )
RON WRIGHT, a.k.a. "Bulldog," )
    Defendants.             )
_____)

    **THIS MATTER** comes before the Court on the plaintiff's form-civil rights Complaint under 42 U.S.C. §1983, filed December 20, 2005; and on the "Defendant's Motion To Dismiss," filed June 25, 2006. For the reasons stated herein, this matter will be dismissed without prejudice.

    By the portion of his Complaint which still is pending before the Court, the plaintiff essentially alleges that he was physically assaulted and injured by the defendant when he refused to pick up a piece of paper from the floor. However, the defendant filed a Motion to Dismiss asserting, among other matters, that the plaintiff has failed to exhaust his administrative remedies on this claim.

    Consequently, by an Order filed June 29, 2006, the Court directed the plaintiff to file a response to the defendant's Motion to Dismiss. To that end, on November 14, 2006, the plaintiff

filed a response, contending that the provisions which require exhaustion do not apply to him as a pre-trial detainee. Furthermore, the plaintiff contends that even if he was required to exhaust his administrative remedies, he did meet that requirement by filing a grievance which he claims was ignored.

Then, on April 16, 2007, the Clerk of Court entered an Order, directing the plaintiff to complete and return a form which was intended to establish that he fully has exhausted his administrative remedies. By the Clerk's Order, the plaintiff was to have submitted his completed form no later than May 6, 2007. Notwithstanding the Clerk's Order, May 6, 2007 has passed without significance to this case as the plaintiff did not submit the completed form as directed. Further, more than two weeks has passed since the date on which the plaintiff's form was due at the Court and he still has not submitted any response.

For its part, the Court has determined that the plaintiff is mistaken in his assertion that he is not required to exhaust his remedies before proceeding <u>in forma pauperis</u> with this action. To be sure, the Prison Litigation Reform Act, codified under 42 U.S.C. §1997e(a), applies to any prisoner who seeks to proceed <u>in forma pauperis</u> with a civil rights action. There is no distinction made under that statute between mere pretrial detainees and convicted inmates.

Not surprisingly, the plaintiff does not point the Court to

any law which supports his contention. Therefore, the Court concludes that the plaintiff is required to fully exhaust his administrative remedies because he has asked to proceed with this action without having to first prepay the filing fee which is required for it.

Furthermore, the Court has reviewed the record and determined that there simply is no evidence to support a conclusion that the plaintiff has fully exhausted his administrative remedies with respect to this allegation. That is, while plaintiff reports that he filed a grievance concerning the assault along with several other matters about which he took issue, and that he unsuccessfully appealed his adverse decision, he has not submitted any copies of such grievances to support that representation. Nor has he submitted, in the alternative, a sworn statement which would establish that he attempted to obtain such copies, but was unable to do so for some specified reason.

Thus, inasmuch as it is well settled that prisoners must exhaust available remedies before bringing suits challenging prison conditions, this Complaint must be dismissed, albeit without prejudice, for the plaintiff's failure to fully exhaust his administrative remedies on the claims set forth herein. See Booth v. Churner, 532 U.S. 731 (2001).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The plaintiff's Complaint is **DISMISSED without prejudice**

for his failure fully to exhaust his administrative remedies as required under 42 U.S.C. 1997e.

**SO ORDERED.**

Signed: May 22, 2007

Graham C. Mullen
United States District Judge